UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | EP-25-CR-00268-DCG-2 |
| (2) JOSEPH LAVAR DAVIS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION[1]

### I.    INTRODUCTION

On February 12, 2025, the Government filed a two-count indictment charging Defendant with (1) conspiracy to commit theft of Government property in violation of 18 U.S.C. § 371; and (2) theft of Government property in violation of 18 U.S.C. § 641.[2]  Both counts have a five-year statute of limitations,[3] meaning that only offenses completed after February 12, 2020[4] fall within this case's limitations period.[5]

---

[1] The Court previously (1) denied Defendant's Motion to Suppress, ECF No. 188; and (2) Defendant's Motions in Limine 1–22, ECF No. 192, at 1–7.  *See* Order Den. Def.'s Mot. Suppress & Ruling on Mots. in Limine, ECF No. 196.  In that Order, the Court indicated that it would issue "an opinion explaining the reasons for denying those motions in due course."  *Id.* at 1.  This is that opinion.

[2] *See* Indictment, ECF No. 1.

[3] *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

*See also United States v. Ely*, 140 F.3d 1089, 1090 (5th Cir. 1998) (determining that 18 U.S.C. § 3282(a)'s five-year limitations period applies to offenses under 18 U.S.C. § 371); *United States v. Lagrone*, 743 F.3d 122, 125 (5th Cir.) ("The applicable limitations period for offenses under [18 U.S.C.] § 641 is five years." (citing 18 U.S.C. § 3282(a))), *on reh'g*, 773 F.3d 673 (5th Cir. 2014).

[4] *I.e.,* five years before the Government filed the indictment.

[5] *See Toussie v. United States*, 397 U.S. 112, 115 (1970) ("Statutes of limitations normally begin to run when the crime is complete." (citation modified)).

- 2 -

This case is set for trial on June 15, 2026.[6]  The Government has filed several notices indicating that it plans to use evidence—for example, communications, photographs, and payments—that predate this case's limitations period.[7]  Defendant now moves to exclude the Government's pre-limitations period evidence, arguing that allowing the Government to introduce evidence of "acts [that] occurred outside the five-year statute of limitation[s] period" would violate his Fifth Amendment right to a fair trial.[8]

## II.   DISCUSSION

Defendant's argument presupposes that the statute of limitations impacts whether evidence is admissible.  It doesn't.  As the Fifth Circuit has explained, "[t]he statute of limitations is a defense to prosecution, not a rule of evidence."[9]  "[O]nce prosecution is timely instituted, the statute of limitations has no bearing on the admissibility of evidence."[10]  For that reason, the mere fact that a particular piece of evidence predates the limitations period doesn't render it inadmissible.

The legal authorities that Defendant cites provide no differently.  For example, Defendant cites *United States v. Marion* for the proposition that allowing the Government to introduce evidence of acts predating the limitations period would create an "irrebuttable presumption" of

---

[6] *See* Order Setting Jury Selection & Trial, ECF No. 166, at 1.

[7] *See* 1st Gov't Notice, ECF No. 181; 2d Gov't Notice, ECF No. 182; 3d Gov't Notice, ECF No. 183; 4th Gov't Notice, ECF No. 186.

[8] *See generally* Def.'s Mot. Suppress; Def.'s Mots. in Limine 1–22.

[9] *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975).

[10] *Id.*

prejudice to Defendant's right to a fair trial.[11]  But as the Government points out,[12] *Marion*

addressed how the statute of limitations limits the Government's ability to bring ***charges***—not

whether or how the statute of limitations limits the Government's ability to introduce ***evidence***.[13]

The indictment charges Defendant with committing certain offenses within the limitations

period,[14] so *Marion* is inapposite.[15]

So too is *United States v. Samson*.[16]  There, the Southern District of Texas concluded that

theft of Government property under 18 U.S.C. § 641 is not a "continuing offense," meaning that

the Government "must prove that [a criminal defendant] violated § 641 within the five-year

limitations period."[17]  Contrary to Defendant's suggestions, though, *Samson* doesn't stand for the

---

[11] *See* Def.'s Mot. Suppress at 3 (citing *United States v. Marion*, 404 U.S. 307, 322 (1971)).

[12] *See* Gov't Resp. Def.'s Mot. Suppress, ECF No. 194, at 4.

[13] *See Marion*, 404 U.S. at 322 ("[T]he applicable statute of limitations is the primary guarantee against bringing overly stale criminal ***charges***." (citation modified)).

[14] *See generally* Indictment.

[15] In his Motion to Suppress, Defendant alluded to pre-indictment delay as a basis for finding a Fifth Amendment violation.  *See* Def.'s Mot. Suppress at 3 (addressing the Government's purported "pre-accusation delay" in filing Defendant's indictment).  Establishing a Fifth Amendment violation for pre-indictment delay requires criminal defendants to show both (1) prejudice from the delay; and (2) that the Government intentionally delayed prosecution to gain a tactical advantage over the accused.  *See Marion*, 404 U.S. at 324; *see also United States v. Crouch*, 84 F.3d 1497, 1523 (5th Cir. 1996).  As discussed above, though, Defendant's claims of an "irrebuttable presumption of prejudice" are inapposite.  *See supra* notes 11–15 and accompanying text.  Moreover, Defendant didn't even attempt to articulate how the Government intentionally delayed prosecution to gain some sort of tactical advantage.  *See generally* Def.'s Mot. Suppress.  The Court therefore concludes that Defendant hasn't established a Fifth Amendment violation for pre-indictment delay.  *See United States v. Johnson*, 802 F.2d 833, 835 (5th Cir. 1986) ("Where, as here, the indictment or arrest occurred within the period allowed by the statute of limitations and the defendant alleges that the mere delay in the indictment or arrest violated his due process rights, the defendant has the burden of establishing that a due process violation has occurred." (citation modified)).

[16] *See United States v. Samson*, 433 F. Supp. 3d 1046 (S.D. Tex. 2020).

[17] *Id.* at 1053.

proposition that pre-limitations period evidence is inadmissible.[18]  In fact, the Southern District of Texas actually determined that "similar acts" from before the limitations period *were* admissible, and that the defendant had "incorrectly" stated that "the jury may not consider his acts prior to [the limitations period] as a basis for conviction."[19]

Simply put, Defendant hasn't provided any legal authority that supports a wholesale exclusion of pre-limitations period evidence.  To the contrary, binding Fifth Circuit precedent explicitly rejects such a rule.[20]

## III.    CONCLUSION

For the reasons explained above, the Court denies Defendant's requests to exclude pre-limitations period evidence—whether via suppression or order in limine.[21]

**So ORDERED and SIGNED this 9th day of June 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[18] *Contra* Def.'s Mot. Suppress at 3–4.

[19] *Samson*, 433 F. Supp. 3d at 1057; *see also Ashdown*, 509 F.2d at 798 ("It would be a bizarre result indeed if a crime properly prosecuted within the limitations period could not be proven because an essential element, such as intent, could only be established by proof of incidents occurring outside the period.").

*But cf. United States v. Davis*, 533 F.2d 921, 926 (5th Cir. 1976) (determining that evidence predating the limitations period can't support a conviction for conspiracy without "an overt act in furtherance of the conspiracy occurring [within the limitations period]").

[20] *See supra* notes 9–10 and accompanying text.

[21] *See* Order Den. Def.'s Mot. Suppress & Ruling on Mots. in Limine at 1.